Tuklet, J.
delivered the opinion of the court.
This is an action of ejectment, brought to recover possession of a tract of land of two hundred and fifty acres, situated in Franklin county. The lessee'of the plaintiff in ejectment, claims the land by virtue of an entry made in the name of John M. Ake on the 23d day of'S’eptember, 1828, and a grant thereon from the State on the 31st day of October, 1834. The .defendants claim title under an entry in the name of Singleton, made the 21st of January, 1833, and a grant thereon on the 4th of November, 1834.
The title of the plaintiffin ejectment is most clearly the best, being the oldest entry and grant, and how he can be held to have lost it, is difficult to perceive. There is no pretence for saying that it has been by the operation of the statute of limitations. Both parties, plaintiff and defendant, claim under different titles, neither of which has been in existence seven years previous to tbe commencement of this action. The statute of limitations does not run till there is a grant of land from the State; for till then, the title is in the State, and the statute does not run against the State. This is not a similar case with that of Dunlap, at Jackson, where the supreme court held, that adverse possession of a land warrant for seven years, gave ti- *627 tie against the owner; because they held, that a suit at law or equity might have been brought for the warrant. But here plaintiff in ejectment had no title to anything till the issuance of his grant. Defendant had acquired no possession of a land warrant belonging to him, and most clearly had no possession of his land for seven years. The statute of limitations, then, forms no bar to the plaintiff’s right of recovery.
But it has been strenuously contended, that the plaintiff is estopped from denying an adverse possession in the defendant of more than seven years before the commencement of this suit, by having filed a bill in chancery relative to the same land, and in which he charges the fact to be so.
Upon this, it is to be observed, that though the bill does charge a possession in the defendant of more than seven years, yet there is no pretence for saying, that any thing more was meant that the fact of a mere naked possession of the land without title, 'which, indeed, as we have seen, was of land, the title to which was in the State. This is no estoppel.
But 2dly. If he had by mistake charged in his bill a possession not in consonance with the facts, the circuit judge was right in holding, that this should not prohibit him from showing the truth.
But it is further contended, that the judgment is vague and uncertain, because it finds all the lands for the plaintiff but fifty acres. There is proof in the reebrd, showing that Ake contracted with Singleton, who was an occupant upon the premises, to enter and procure a grant for them, and convey to him fifty acres; that Singleton took possession of these fifty acres, and lived upon them, till he entered the land himself. These fifty acres the jury intended to give him; and have, we think, with sufficient certainty described them as the fifty acres on which he formerly resided. The sheriff canhave no difficulty in giving-possession according to the right.
There are several other exceptions vaguely taken; suchas, “that the court erred in its instructions to the jury; that the verdict is against evidence; that Ake did not enter the land until 1828, and then under the one cent law; that Singleton has been in possession from the date of his entry.” But none of these *628 can avail the defendant, for they all leave him where he was, in possession of land, to which another had the undisputed legal title, and which he hafd not lost by seven years adverse possession. The judgment of the circuit court is, therefore, in all things affirmed.